STATE OF CONNECTICUT *v.* EDDIE RODRIGUEZ
(AC 32978)

Gruendel, Alvord and Mihalakos, Js.

Argued November 14, 2012—officially released January 22, 2013

*David B. Rozwaski*, assigned counsel, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *George Ferko*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Eddie Rodriguez, appeals from the judgment of conviction, rendered after a jury trial, of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and sale of narcotics within 1500 feet of a public elementary school in violation of General Statutes § 21a-278a (b). On appeal, the defendant claims that there was insufficient evidence produced at trial to prove his guilt beyond a reasonable doubt. We affirm the judgment of the trial court.

The following facts, as the jury reasonably could have found, and procedural history are relevant to our disposition of this appeal. On February 14, 1996, an undercover police detective and an informant went to the defendant's apartment to purchase heroin. When they arrived at the defendant's address, they asked to see "Tonga," the defendant's nickname. The woman who answered the door addressed the defendant, who was on the couch, and said, "Tonga, it's somebody to see you." The detective told the defendant that he had $500 and asked him to "hook me up with some . . . ." The defendant then went into the kitchen and returned with sixty-five bags of heroin, which he gave to the detective in exchange for the money.[1]

Officers arrested the defendant on February 23, 1996.[2] The defendant subsequently waived his *Miranda*[3] rights; he then was interviewed by a detective and made a sworn statement, which was admitted into evidence at trial. In the defendant's statement, he admitted, inter alia, that he had been selling heroin for approximately nine months. The defendant's statement also indicated that he was introduced to the undercover detective

---

[1] The same undercover detective testified that he also purchased fifty bags of heroin from the defendant on February 7, 1996. The defendant was charged with sale of narcotics by a person who is not drug-dependent and sale of narcotics within 1500 feet of a public elementary school in connection with the February 7, 1996 transaction. The jury found the defendant not guilty on these counts.

[2] The same day, officers executed a search and seizure warrant at the defendant's residence and found 1501 bags of heroin inside a window unit-type air conditioner on the floor of the defendant's kitchen. The undercover detective also testified that he attempted to purchase drugs from the defendant on February 23, 1996, but was unsuccessful. The defendant was charged with possession of narcotics with intent to sell by a person who is not drug-dependent and possession of narcotics with intent to sell within 1500 feet of a public elementary school in connection with the February 23, 1996 incident. The jury was unable to reach a unanimous decision as to either of these counts.

[3] *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

during the interview and that he "recognized [the detective] as a person I had sold [heroin] to from [my] apartment . . . ."[4]

At trial, the detective identified the defendant as the person who sold him the heroin on February 14, 1996. He testified that he had "ample opportunity" to observe the defendant on that date, that there was "[n]o doubt in [his] mind that the gentleman here in the courtroom, the defendant, sold narcotics to [him]," and that he was "100 percent convinced" that the defendant was the individual from whom he had purchased the drugs.

The defendant testified on his own behalf at trial and stated, inter alia, that the undercover detective had approached him to buy narcotics on the morning of February 23, 1996, and he responded, "I don't sell . . . drugs." He further testified that the signed statement was not his, and that he had only signed it because the interviewing officer told him that they had his mother and would jail her if he refused to sign. The defendant and members of his family also testified that, on the basis of their review of an audio recording made of the drug transaction,[5] it was the defendant's brother—and not the defendant—who had interacted with the undercover detective on February 14, 1996. Similarly, the defendant's niece testified that the defendant's brother was the person on the couch on February 14, 1996, that the defendant's brother stated that the drugs in the apartment belonged to him, and that the defendant was asleep in another room the entire time.

At the conclusion of the trial, the jury found the defendant guilty on both counts pertaining to the February 14, 1996 transaction. The court sentenced the defendant to a total effective sentence of twenty-one years

---

[4] The detective also testified that he introduced himself to the defendant at the police department after the defendant's arrest.

[5] The detective recorded the transaction using an electronic communication device.

of incarceration on these counts and on the court's subsequent ruling that the defendant had violated his probation. On October 19, 2010, the defendant's appellate rights were restored in accordance with a stipulated judgment in his habeas corpus action. This appeal followed.

The defendant claims that there was insufficient evidence to prove his guilt beyond a reasonable doubt, because the state failed to prove that he was the person with whom the February 14, 1996 narcotics transaction was conducted. We disagree.

We begin by setting forth the applicable standard of review. "In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Grant*, 127 Conn. App. 654, 660, 14 A.3d 1070, cert. denied, 301 Conn. 910, 19 A.3d 179 (2011).

Viewing the evidence in the light most favorable to sustaining the verdict, we conclude that there is ample support for the jury's determination that the defendant was the individual who sold heroin to the undercover detective on February 14, 1996. Most significantly, the undercover detective identified the defendant in court and testified that he was "100 percent convinced" that the defendant was the individual who sold the narcotics to him. See, e.g., *State* v. *Morgan*, 274 Conn. 790, 801–803, 877 A.2d 739 (2005) (in-court identification testimony constitutes sufficient evidence to convict); *State* v. *Caracoglia*, 95 Conn. App. 95, 128, 895 A.2d 810 ("[t]he testimony of one credible witness is sufficient evidence

to convict one accused of a crime"), cert. denied, 278 Conn. 922, 901 A.2d 1222 (2006).[6] Additional evidence corroborated the detective's identification, including testimony that the defendant's nickname was "Tonga," and that the defendant answered to this nickname when the detective and informant asked to see "Tonga" at the defendant's apartment. The jury also had before it the defendant's signed confession stating, inter alia, that he recognized the undercover detective as the individual to whom he had sold heroin at his apartment. The jury reasonably could have concluded that the cumulative force of this evidence established the defendant's guilt beyond a reasonable doubt and, accordingly, we reject the defendant's claim that the evidence was insufficient to convict him.

The judgment is affirmed.

---

[6] The defendant attempts to cast doubt on the undercover officer's eyewitness testimony by claiming, inter alia, that there were no other witnesses who corroborated the testimony, and witnesses for the defense identified the defendant's brother as the person with whom the narcotics transactions were conducted. We agree with the state that this argument is a challenge to the credibility of the state's eyewitness, which is not within the province of this court to decide. See, e.g., *State* v. *Morgan,* supra, 274 Conn. 800–801, 805 (credibility determinations are function of jury as sole trier of facts). Moreover, it is well settled that "[e]vidence is not insufficient . . . because it is conflicting or inconsistent." (Internal quotation marks omitted.) *State* v. *Rodriguez,* 133 Conn. App. 721, 726, 36 A.3d 724, cert. granted on other grounds, 304 Conn. 915, 40 A.3d 784 (2012). Rather, the jury "[weighs] the conflicting evidence and . . . can . . . decide what—all, none, or some— of a witness' testimony to accept or reject." (Internal quotation marks omitted.) Id.